## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ERIC EISEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>APEX CLEARING CORPORATION, a New York Corporation, and INTERACTIVE BROKERS, LLC, a Delaware Limited Liability Corporation,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Eirc Eisen ("Plaintiff") individually and on behalf of all others similarly situated, makes the following allegations upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are based on his personal knowledge.

**NATURE OF THE ACTION**

1.     This is a class action brought against Apex Clearing Corporation ("Apex") and Interactive Brokers, LLC ("Interactive Brokers") (collectively, "Defendants") for prohibiting their broker dealers and investors from buying multiple publicly traded stock options, including but not limited to AMC Entertainment ("AMC"), Blackberry Limited ("BB"), Express ("EXPR"), GameStop ("GME"), and Koss Corporation ("KOSS") (collectively, the "Stocks"), during an unprecedented rise in valuation of the aforementioned Stocks.

2.     Defendants actions not only deprived its customers from taking advantage of the rise of the Stocks valuation, but also manipulated the free and open market: causing a substantial decrease in the Stocks valuation, in violation of federal securities laws.

3. As is set forth more particularly below, Plaintiff and the proposed class members are investors who were subject to Defendants' federal securities violations. Defendant's violations, as alleged herein, have harmed Plaintiff and the public at large. Plaintiff seeks to vindicate their rights.

**PARTIES**

4. Plaintiff Eric Eisen is a Florida resident who lives in Boca Raton, Florida. As set forth in the accompanying certification, incorporated by reference herein, Mr.. Eisen was actively invested in BB, holding 5,000 shares and GME, holding 140 shares prior to and throughout Defendants' manipulation of the Stocks starting on January 28, 2021 and suffered significant losses on his investments when he sold said Stocks as a result of Defendants' illegal actions. Pursuant to 15 U.S.C.A. § 78u-4(a)(2)(A)(i)-(vi), Plaintiff Eric Eisen incorporates by reference the attached certification regarding his purchases and sells of the Stocks.

5. Defendant Apex Clearing Corporation ("Apex") is a New York corporation headquartered at One Dallas Center, 350 N. St. Paul, Suite 1300, Dallas, Texas. Defendant Apex Clearing Corporation is a brokerage firm regulated by the Financial Industry Regulatory Authority, Inc. ("FINRA").

6. Defendant Interactive Brokers LLC ("Interactive Brokers") is a Delaware limited liability corporation headquartered at 1 Pickwick Plaza, Greenwich, Connecticut. Defendant Interactive Brokers LLC is a brokerage firm regulated by the Financial Industry Regulatory Authority, Inc. ("FINRA").

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action arises out of a federal statute: Section 10(b) of the Securities Exchange

CLASS ACTION COMPLAINT

Act, 15 U.S.C. § 78(j)(b), and Rule 10b-5 promulgated thereunder by the SEC. This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class members is a citizen of a different state than Defendants; there are more than 100 members of the Class; and upon information and belief the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District. Venue is also proper in this Court pursuant to 15 U.S.C. § 78aa.

## FACTUAL ALLEGATIONS

9.     On or about January 11, 2021, stocks of AMC Entertainment ("AMC"), Blackberry Limited ("BB"), Express ("EXPR"), GameStop ("GME") and Koss Corporation ("KOSS") (collectively, the "Stocks") began to rise as retail investors rallied together to purchase long positions in an effort to combat the massive shorts that wall-street investors had placed on those Stocks (the "Short Squeeze").

10.     In order to execute a trade, retail broker dealers such as Ally Financial Inc., Stash Investments LLC, Public Investing Inc., Tastyworks Inc., M1 Finance LLC, and Webull Financial LLC (the "Broker Dealers") use clearing firms and clearinghouses to guard against the risk of default if either a buyer or seller is unable to execute a trade:



CLASS ACTION COMPLAINT

11.     Specifically, "clearinghouses require their members—banks and brokers—to be well-capitalized, to deposit collateral and to pay into a default fund."[1] These deposits are determined, amongst other things, based on the volume of trades placed by a broker and the volatility of the stocks being traded.

12.     As a result of the inherent volatility of the Stocks during the Short Squeeze, the National Securities Clearing Corporation ("NSCC") requested that Defendants pledge a substantial amount of additional cash as collateral when executing their trades.[2]

13.     Instead of doing so, however, on  January 28, 2021 Defendant Apex decided to limit its exposure by requiring the Broker Dealers to restrict their investors from buying, but not selling, any shares of AMC,  GME and KOSS. The ban lasted for approximately four hours until Defendant Apex finally removed the restriction at 3:00 pm.[3]

Ally Care ✔ @AllyCare · Jan 28

Ally Invest's clearing firm, Apex Clearing, halted all opening transactions of $KOSS, $GME and $AMC today from 11am to 3pm EST. Apex just informed us that restrictions on equity purchases of $KOSS, $GME and $AMC have been lifted. Restrictions will remain in place for options. ^SS

💬 2                🔁 1                ♡                ↑

---

[1]https://www.marketwatch.com/discover?url=https%3A%2F%2Fwww.marketwatch.com%2Fam%20p%2Fstory%2Fpeterffy-calls-robinhood-decision-to-allow-limited-buys-of-gamestop-troubli ngim-%2011611876619&link=sfmw_tw#https://www.marketwatch.com/a mp/story/peterffy-callsrobinhood-%20decision-to-allow-limited-buys-of-gamestop-troubling-im-not-comfortable-%2011611876619?mod=dist_amp_social%20 (last visited 01/31/21).
[2]https://www.financial-planning.com/news/gamestop-volatility-puts-spotlight-on-clearinghouses-as-interactive-brokers-robinhood-others-restricted-trading (last visited 04/26/21).
[3]https://www.yahoo.com/entertainment/brokerages-continued-to-face-disruptions-amid-unpreced ented-trading-volume-154936651.html (last visited 04/27/21).



14.     Just like their client base, the Broker Dealers voiced their disagreement with Defendants' illicit conduct. For instance, when asked why Webull decided to restrict the Stocks, Anthony Denier, CEO of the trading app, stated that: "I didn't make the decision, the decision was made for us". He continued to state that: "I hope there is an investigation. I want complete transparency."[4] Similarly, Dan Pipitone, CEO of the trading app TradeZero (who also uses Defendant Apex as a clearing firm) explained that: "The power a clearing firm has — it's really up to them if they want to extend leverage to your company so they have that ability to shut leverage off and shut margin off," Pipitone said. "If that happens, it would be like shutting us off."[5]

15.     In an interview with Financial Planning, Tricia Rothschild, President of Defendant Apex, indicated that Defendant Apex had sufficient resources to meet the collateral requirements of the NSCC, evidencing that their decision to restrict the Stocks was arbitrary, capricious and self-serving:

> **Question**: Apex was one of the firms that restricted GameStop trading at the end of January. Are you able to specify whether Apex Clearinghad to raise capital at the time, like Robinhood did?
>
> **Answer:** We restricted the trading for approximately three hours on one day due to anomalous information that we got. We were fine by the end of the day. We have headroom in terms of the capital available to us on our balance sheet. We have lines of credit that we can call on as needed. We did stop the trading for three hours, and then it was resolved and we moved forward, and have not had any issues and have not looked back.[6]

16.     Defendant Interactive Brokers' restrictions were equally nefarious. On January 28, 2021, Defendant Interactive Brokers decided to limit its exposure by restricting trades of

---

[4]https://www.nbcnews.com/business/markets/after-gamestop-mania-regulators-set-review-what-led-market-volatility-n1256527 (last visited 04/26/21).
[5] *Id.*
[6] https://www.financial-planning.com/news/q-a-with-apex-clearing-president-tricia-rothschild (last visited 04/26/21).

---

CLASS ACTION COMPLAINT

AMC, BB, EXPR, GME and KOSS. In so doing, Defendant Interactive Brokers restricted options of the aforementioned stocks into liquidation only and increased margin requirements for long and short positions to 100% and 300%, respectively. Defendant Interactive Brokers' increased margin requirements are ongoing.[7]



17.     On an interview with Bloomberg Markets and Finance, Defendant Interactive Brokers' founder and chairman Thomas Peterffy stated that he arbitrarily increased margin requirements (upwards to 300%, and beyond the collateral required by the NSCC)  because he was "scared" that his company would have been on the hook to purchase the Stocks at a loss and/or otherwise have to pay for defaulting in doing so.[8]

18.     Plaintiff and the proposed class members directly suffered as a result of Defendants' market manipulation. As a result of Defendants trading restrictions, the price of the Stocks immediately plummeted: causing significant losses to Plaintiff and the proposed class members.

<strong><u>CLASS ACTION ALLEGATIONS</u></strong>

19.     Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

---

[7] https://investors.interactivebrokers.com/en/index.php?f=48201 (last visited 04/27/21)
[8] https://www.bloomberg.com/news/articles/2021-02-18/peterffy-says-markets-came-close-to-bre aking-amid-gamestop-mess (last visited 04/27/21).

---

20.     The class periods shall be defined from the date of the filing of this Complaint, back to any such time that the Court deems appropriate.

21.     Plaintiff seek to represent the following Nationwide Class:

> All persons within the United States who purchased one or more of the Stocks prior to January 28, 2021 and suffered an economic loss due to Defendants' market manipulation.

22.     Plaintiff reserves the right to amend the above class definition and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

23.     *Community of Interest*: There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

24.     *Numerosity*: The exact number of members of the Class is unknown to Plaintiff at this time and can only be determined by appropriate discovery. At this time, Plaintiff is informed and believes that the Class includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(1), and the resolution of their claims through the procedure of a class action will be to the benefit of the parties and the Court.

25.     *Typicality:* Plaintiff's claims are typical of the claims of the other members of the Class which he seeks to represent under Federal Rule of Civil Procedure 23(a)(3) because Plaintiff and each member of the Class were prohibited from purchasing the Stocks on or around January 28, 2021 and/or were otherwise adversely affected when they sold those Stocks as a result of Defendants' market manipulation. There are no defenses that Defendants may have that are unique to Plaintiff.

26.     *Adequacy*: Plaintiff will fairly and adequately represent and protect the interests of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Class because he has no interests which are adverse to the interests of the members of the Class. Plaintiff is also committed to the vigorous prosecution of this action.

27.     *Superiority:* A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

(a)     The expense and burden of individual litigation makes it economically unfeasible for members of the Class to seek to redress for their claims other than through the procedure of a class action;

(b)     If separate actions were brought by individual members of the Class, the resulting duplicity of lawsuits would cause members of the Class to seek to redress for their claims other than through the procedure of a class action; and

(c)     Absent a class action, Defendants will likely retain the benefits of their wrongdoing, and there would be a failure of justice.

28.     Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions which affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3). Such questions include, but are not limited to, the following:

(a)     Whether federal securities laws were violated by Defendants' acts as alleged herein;

(b)     Whether Defendants acted with scienter in engaging in the conduct described herein;

CLASS ACTION COMPLAINT

(c)     Whether Defendants engaged in market manipulation in restricting trading of the Stocks; and

(d)     Whether Plaintiffs and Class members suffered damages.

## CAUSES OF ACTION

### COUNT I

**Violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5**
**(On Behalf Of Plaintiff And The Nationwide Short Squeeze Class)**

29.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

30.     This Count is brought under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78(j)(b), and Rule 10b-5 promulgated thereunder by the SEC.

31.     Defendants committed a manipulative act by restricting trading of the Stocks, as described above. Defendants permitted only selling of the Stocks followed by limited buying, and, in so doing, manipulated the market and impacted the value of the Stocks.

32.     Defendants acted with scienter because they knew that their conduct would cause harm to Plaintiff and the Nationwide Class members, and proceeded to manipulate the market regardless. Specifically, the nature, purpose, and effect of Defendants' actions led to the precipitous decline of the Stocks. Tellingly, Defendants restricted the Broker Dealers and their investors from buying, but not selling, the Stocks for their own pecuniary interests. As such, Defendants knowingly or recklessly deceived Plaintiff and the Nationwide Class members by artificially affecting the market price of the Stocks. Defendants' never disclosed the nature, character or extent of their restrictions of the Stocks prior to lifting those restrictions, leading Plaintiff and the Nationwide Class members to believe in the interim that the price of the Stocks were being determined by the natural interplay of supply and demand.

<span style="float:right">CLASS ACTION COMPLAINT</span>

33.    Plaintiff and the Nationwide Class member are also entitled to a presumption of reliance based on the "fraud-on-the-market presumption." Plaintiff and the Nationwide Class members had the right to rely on a free and open market for the Stocks at issue (i.e. a market free of manipulation).

34.    Plaintiff and the Nationwide Class members suffered damages as a direct and proximate result of Defendants conduct, to wit a rapid and precipitous decline in the value of the Stocks directly caused by Defendants' market manipulation.

35.    As a result of Defendants securities violations, Plaintiff and the Nationwide Class members are entitled to damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representatives of the Class; and naming Plaintiff's attorney as Class Counsel to represent the Class;

(b)    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)    For prejudgment interest on all amounts awarded;

(e)    For injunctive relief as pleaded or as the Court may deem proper; and

(f)    For an order awarding Plaintiff and the Class their reasonable attorney's fees and expenses and costs of suit.

## <u>DEMAND FOR TRIAL BY JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: April 30, 2021

Respectfully submitted,

**GUCOVSCHI LAW, PLLC.**

By:   _/s/ Adrian Gucovschi_
        Adrian Gucovschi, Esq.

Adrian Gucovschi, Esq.
630 Fifth Avenue, Suite 2000
New York, NY 10111
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gucovschi-law.com

*Attorney for Plaintiff*

*\*Pro Hac Vice Filed In Compliance*
*with Certificate of Understanding ECF No. 221*